```
UNITED STATES DISTRICT COURT                                        C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                           :
MODOV HAFIZ KAH JALLOW,                                    :
                                                           :   MEMORANDUM DECISION
                           Plaintiff,                      :   AND ORDER
                                                           :
        - against -                                        :   16 Civ. 2244 (BMC)(LB)
                                                           :
UBER TECH,                                                 :
                           Defendant.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

*Pro se* plaintiff Modov Hafiz Kah Jallow, a former driver for Uber Tech (Uber), brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons set forth below, the complaint is dismissed and plaintiff is granted leave to amend his complaint within twenty (20) days of the date of this Order.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2917 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in

the complaint.  Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. 678 (citations omitted).  The plausibility standard does not impose an across-the-board, heightened fact pleading standard.  Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008).  The plausibility standard also does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010).  However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

## BACKGROUND

Plaintiff submits an employment discrimination form complaint in which he puts forth claims of unequal terms and conditions of employment, retaliation, and termination of employment.  Plaintiff checks off the race, gender, and color boxes on the form complaint to indicate the basis of the discrimination alleged.  Plaintiff attaches a statement of facts in which he complains of, *inter alia*, being retaliated against and having his partnership with Uber terminated after he was falsely accused of harassment.  Plaintiff states that "Uber also discriminated against the plaintiff because of the color of his skin and his gender," but he does not provide any further facts to support this claim.

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of

the claims against them.  Iqbal, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.  See Bell Atlantic Corp., 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted); Ricciuti v. New York City Transit Auth, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–2(a). See also Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012); Cabey v. ATRIA Senior Living, No. 13 Civ. 3612, 2014 WL 794279, at *1 (E.D.N.Y. Feb. 26, 2014).

Even under the most liberal interpretation of plaintiff's allegations, he provides no facts that could possibly connect any adverse employment action to a protected status based on his race, gender or color.  See Littlejohn v. City of NY, 795 F.3d. 297, 311 (2d Cir. 2015); see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 87 (2d Cir. 2015).

## CONCLUSION

Accordingly, the complaint is dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).  In light of plaintiff's *pro se* status, he is granted twenty (20) days leave from the date of this Order to file an amended complaint.  See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000).

If plaintiff elects to file an amended complaint, it must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff should set forth the factual allegations on which he bases his federal claims against Uber and provide all relevant dates. Plaintiff should also include a copy of the charge he filed with the EEOC or any other agency, if available. However, plaintiff cannot rely on the EEOC determination or other documents to replace a statement of claim.

Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order.

If plaintiff fails to comply with this Order within the time allowed, judgment dismissing the action shall enter. No summons shall issue at this time and all further proceedings shall be stayed for twenty (20) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      May 11, 2016